IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR.,           )
                                  )
       Plaintiff,              )
                                  )
       v.                      ) Civil Action No. 04-1441-JJF
                                  )
C/O BOSTON, C/O WATSON,           )
SGT. WASHINGTON, MAJOR            )
CUNNINGHAM, and DR. JOHN DOE,     )
                                  )
       Defendants.             )

**ORDER**

      1.  Plaintiff Ronald E. Proctor, Jr., SBI #163750, a pro se litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983.

      2.  Plaintiff alleges that on November 10, 2002, Defendants, Correctional Officer Boston and Correctional Officer Watson, used excessive force against him during a "shakedown" search of his cell, and broke two of his ribs, as well as his right shoulder.  (D.I. 4 at 3)  Plaintiff further alleges that he was denied medical treatment by Defendant, Dr. John Doe, and placed in isolation by Defendant Major Cunningham.  (Id. at 4)

      3.  Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal

court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

    4. Regardless of whether a prisoner proceeds in forma pauperis in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). In Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143 (3d Cir. 1997), the Court held that dismissal as frivolous prior to the Prisoner Litigation Reform Act's enactment count towards the "three strikes" rule.

    5. Plaintiff, while incarcerated, has filed at least six (6) civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Proctor v. Scott, Civil Action No. 88-415-MMS (dismissed December 12, 1988); Proctor v. Watson, Civil Action No. 88-417-MMS (dismissed December 12, 1988); Proctor v. Haley, Civil Action No. 88-418-MMS (dismissed December 12, 1988); Proctor v. Avanzato, Civil Action No. 88-420-MMS (dismissed December 12,

1988); Proctor v. Gaddis, Civil Action No. 88-421-MMS (dismissed December 12, 1988); and Proctor v. Brasure, Civil Action No. 01-013-JJF (dismissed January 8, 2001). Therefore, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The present Complaint does not meet that standard.

6. Plaintiff's motion for leave to proceed in forma pauperis is denied. However, Plaintiff is given thirty (30) days from the date this order is sent to pay the $150.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: 3/3/05

_____
United States District Judge